HAWLEY & LETZERICH *v.* UNITED STATES (No. 4441)[1]

United States Court of Customs and Patent Appeals, November 1, 1943.

*J. Milton Guy* for appellant.

*Paul P. Rao*, Assistant Attorney General (*Sybil Phillips* and *Richard F. Weeks*, of counsel), for the United States.

[Oral argument October 5, 1943, by Mr. Guy and Mr. Weeks]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, holding certain kippered herring, imported into the United States from Norway, dutiable at 25 per centum ad valorem under paragraph 718 (b) of the Tariff Act of 1930, as assessed by the collector at the port of Galveston, Tex.

The importer (appellant) contends here, as it did in the court below, that, by virtue of the generalization clause contained in the Reciprocal Trade Agreement Act of June 12, 1934 (48 Stat. 943), the involved merchandise is dutiable at only 15 per centum ad valorem

---

[1] C. A. D. 258.

under paragraph 718 (b) as modified by the reciprocal trade agreement entered into by the United States and the United Kingdom of Great Britain, January 1, 1930, T. D. 49753, 74 Treas. Dec. 253.

The merchandise in question, packed in airtight containers weighing with their contents *less* than one pound each, was not packed in oil or in oil and other substances.

Paragraph 718 (b) of the Tariff Act of 1930, as originally enacted, read:

PAR. 718.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) Fish, prepared or preserved in any manner, when packed in air-tight containers weighing with their contents not more than fifteen pounds each (except fish packed in oil or in oil and other substances): Salmon, 25 per centum ad valorem; other fish, 25 per centum ad valorem.

Paragraph 718 (b) of the aforesaid trade agreement reads:

| Tariff Act of 1930; paragraph | Description of article | Rate of duty |
|---|---|---|
| 718 (b) | Fish, prepared or preserved in any manner, when packed in air-tight containers weighing with their contents not more than fifteen pounds each (except fish packed in oil or in oil and other substances):<br>Herring, smoked or kippered or in tomato sauce, packed in immediate containers weighing with their contents more than one pound each. | 15% ad val. |

In overruling appellant's protest and affirming the decision of the collector, the trial court relied upon our decision in the case of *United States* v. *Ernest E. Marks Co.*, 29 C. C. P. A. (Customs) 77, C. A. D. 173, in which case the issue was identical with the issue here presented.

In the *Marks Co.* case, *supra*, we held that paragraph 718 (b) of the reciprocal trade agreement between the United States and Great Britain was not intended as a substitute for paragraph 718 (b) of the Tariff Act of 1930, but was intended only to reduce the rate of duty on the herring therein described, that is, herring "packed in immediate containers weighing with their contents *more* than one pound each." [Italics ours.] In so holding, the court pointed out that—

\* \* \* the language in the trade agreement preceding the colon is identical with the language of paragraph 718 (b) of said tariff act preceding the colon; that the language preceding the colon in paragraph 718 (b) of said tariff act is descriptive only, and that the rate of duty is there fixed by the language following the colon, reading: "Salmon, 25 per centum ad valorem; other fish, 25 per centum ad valorem."

The court also called attention to the purpose and function of the colon as a punctuation mark, and, among other things, said:

It is clear from the foregoing that if the ordinary rules of grammatical construction be followed, the language before the colon in paragraph 718 (b) of the trade agreement must be regarded as descriptive only, and that the 15 per centum ad valorem duty provided therein applies only to the language following the colon, relating to herring. We find nothing in the context of the trade agreement to

indicate that the application of the ordinary rules of grammatical construction in the interpretation of paragraph 718 (b) of the agreement would bring an anomalous result contrary to the intent of the negotiators of the agreement. An examination of other portions of the trade agreement convinces us that in the use of colons therein the ordinary rules of grammatical construction were intended to apply.

In the instant case, counsel for appellant requests the court to reconsider and overrule our decision in the *Marks Co.* case, *supra*, contending, as in that case, that paragraph 718 (b) of the trade agreement was intended as a substitute for paragraph 718 (b) of the Tariff Act of 1930, and that the 15 per centum ad valorem duty therein provided should apply to all fish, including herring, described in the language of the paragraph preceding the colon, as well as to the herring described in the provision following the colon.

With regard to that argument of counsel, it is sufficient to say that it was fully considered and held to be without merit in the *Marks Co.* case, *supra*.

In view of the fact that the kippered herring here involved was packed in immediate containers weighing with their contents *less* than one pound each, and as the provision for kippered herring in paragraph 718 (b) of the trade agreement is limited to such kippered herring as is packed in "immediate containers weighing with their contents *more* than one pound each," as was held in the *Marks Co.* case, *supra*, we must hold that the involved merchandise is not covered by paragraph 718 (b) of the trade agreement. [Italics not quoted.]

The judgment of the United States Customs Court is *affirmed*.